TABOADA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Dominion Title.

No. 377.—Decided July 26, 1918.

RECORD OF TITLE—DOMINION TITLE PROCEEDING—AUTHORITY OF REGISTRAR.—Pursuant to the jurisprudence established by this court, registrars are not authorized to inquire into the grounds upon which the courts base their decisions, nor to rest their refusals to record such decisions in the registry on their opinions regarding the legality of such grounds; but this does not mean that they are not authorized to deny admission to record of said decisions when it does not appear from the decisions that the requirements prescribed by law were complied with as a condition precedent to their rendition.

ID.—ID.—ID.—The registrar is supported by the law in refusing to record the ownership of a property when it appears from the judgment itself that the property was encumbered by a mortgage in favor of a person who was not shown to have been summoned as required by law, and when there was no specific showing of who were the successors in interest of the former owner of the property for the purpose of summoning them as required by law on account of the death of their predecessor in interest.

RETROACTIVE EFFECT.—Act No. 20 of the Legislative Assembly, approved March 11, 1918, not being in force when the judgment in the present case was rendered, it is not applicable, as held in the case of *Rivera* v. *Registrar of Guayama*, decided July 23, 1918.

The facts are stated in the opinion.
*Mr. Manuel A. Rivera* for the appellant.
The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ana Taboada presented in the registry for record a certified copy of a judgment of the district court declaring that she had established her dominion title to a certain property, and the registrar refused to admit the same to record:

"Because the preceding judgment does not show that the person appearing therein as having a real right in the property described was cited, or that all of the successors in interest of José Taboada y Bizozo, father of the petitioner, were cited, inasmuch as the said judgment does not state that she is the only heir of her said ancestor, for it only indicates that the heirs and successors of the former owners, whose domicil is unknown and whose names are not given, were cited. The curable defect is pointed out that the judgment is not final. All in accord with clauses 1 and 2 of article 395 of the Mortgage Law, which have been violated in this case. *Cruz* v. *Santiago*, 24 P. R. R. 303."

We agree with the appellant that, in accordance with the jurisprudence laid down by this court, registrars are not authorized to inquire into the grounds of judicial decisions or to base the denial of any record of such decisions upon their estimation of the legality of such grounds (see *Medina* v. *Registrar*, 19 P. R. R. 964, and cases there cited). But this does not mean that they may not refuse to make the record when the decision fails to show, as in the present case, that the formalities imposed by law as a prerequisite to the rendition of said decision have been complied with.

Article 395 of the Mortgage Law provides that the petition in a dominion title proceeding shall pray that the evidence be admitted "after citation of the person from whom the property may have been acquired, or of his successor in interest, and of the representative of the department of public prosecution," and also "that the judge shall refer this petition to the representative of the department of public prosecution, shall cite the person from whom the property was acquired or his successor in interest, if known, and the persons who may have any property rights in said real property."

And in the case of *Cruz* v. *Santiago*, 24 P. R. R. 303, this court established the doctrine that "the rules laid down for the institution of dominion title proceedings should be strictly complied with because they are of public interest," adding that "proceedings brought to establish the petitioner's own-

crship of real property inherited by him from his parents are materially defective when the petition fails to show who were the successors in interest of his parents and whether he was the only heir, this being indispensable in order that the successors in interest may be summoned, in the first case, or not, in the second.''

Applying the law and the jurisprudence to this particular case, it is necessary to conclude that the two grounds on which the registrar based his refusal are well founded. It appears from the judgment itself that María Costa y Simidey held a mortgage on the property, and nevertheless it is not shown that she was summoned as required by law. As regards the citation of the petitioner's predecessor in interest, her father, it appears that he died, but it is not known whether the petitioner was his only heir or, if not, who were his successors for the purpose of complying with the formality of law requiring their citation.

The curable defect exists. Although Act No. 20 of March 11, 1918, (p. 114) provides that in all *ex parte* proceedings prosecuted in the district courts and in which no opposition or objection is made, such final decision as may be rendered approving the proceedings shall be considered final from the time of its rendition, this act was not in force when the judgment was rendered in the present case. See the decision of this court in *Rivera* v. *Registrar of Guayama, ante,* p. 565.

The appellant calls attention in her brief to the registrar's non-compliance with article 19 of the Mortgage Law. In point of fact, the dominion title judgment was presented in the registry on July 14 and on July 17 the registrar rendered his final decision. Article 19 provides that if the registrar should perceive any defect involving the legality of the instrument or the capacity of the parties thereto ''he shall so advise the parties seeking the admission thereof to record, in order that they may withdraw the instrument if they so desire and correct the defect within the period that the entry of pres-

entation is effective." It may be seen that the registrar shall give the parties to the instrument the benefit of his experience before taking any final action. In this way an appeal will be taken to this court only when there is a real conflict of opinion between the person seeking to record the instrument and the registrar. In this connection we call the attention of the Registrar of Guayama to this provision in article 19 of the Mortgage Law and to the comments made thereon by Galindo on page 145 of Volume 2 of the fourth edition of his Commentaries.

With the foregoing observation, we are of the opinion that the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.